# In the United States Court of Federal Claims

| | |
|---|---|
| CURTIS L. TEMPLE,<br><br>               *Plaintiff,*<br><br>v.<br><br>THE UNITED STATES,<br><br>               *Defendant.* | No. 21-2248<br>(Filed: January 23, 2023) |

*Curtis L. Temple*, pro se, Porcupine, SD.

*Bryan Michael Byrd*, Civil Division, United States Department of Justice, Washington, DC, for Defendant.

**OPINION AND ORDER**

**LERNER,** *Judge.*

      Plaintiff, Curtis L. Temple, alleges the taking of real and personal property by the United States. The Government moves to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted. For the reasons set forth below, the Government's motion is **GRANTED**. This case is **DISMISSED without prejudice**. Mr. Temple may, if he so chooses, refile a complaint in the United States Court of Federal Claims with properly alleged facts.

**I.    Background**

      **A.    Factual Background**

      Mr. Temple is a member of the Oglala Sioux Tribe ("Tribe"), living on the Oglala Sioux Indian Reservation ("Reservation"). Compl. at 1–2, Dkt No. 1. At some unknown date, Mr. Temple claims he leased over 80,000 acres from the Tribe. Pl.'s Resp. to Mot. to Dismiss ("Pl.'s Resp.") at 2, Dkt. No. 10. Plaintiff's purported property interests include the land, improvements upon the land, substantial cattle, fencing, and corrals. Am. Compl. ¶ 3, Dkt. No. 19. According to his estimates, this property is worth over $200,000. *Id.*

      Plaintiff states that, in 1982, government researchers conducted a study on the Reservation that found large deposits of the mineral zeolite. *See* Pl.'s Resp. at 2; Pl.'s Ex. 1 at 1, Dkt. No. 10-1. Following its 1982 study, the researchers advised the Tribe to develop the land and lease it to mining companies. Compl. at 2. At some point, Mr. Temple allegedly lost his holdings, though it is unclear whether Mr. Temple voluntarily ended the lease, the Tribe revoked it, or the lease is still in effect. *Id.*

1

The Complaint further alleges that Defendant took Plaintiff's real and personal property when it convinced the Tribe to lease land to developers rather than to Mr. Temple. *See* Compl. at 1. Plaintiff claims damage to his personal property occurred on ten separate occasions. Pl.'s Resp. at 3. Overall, Mr. Temple claims losses to his real and personal property occurred between 2016 to the date of this action and are "calculable in the millions of dollars." Pl.'s Resp. at 2.

### B.     Procedural Posture

Mr. Temple filed his Complaint on November 29, 2021. He asserts a Fifth and Fourteenth Amendment takings claim. *Id.* at 1. The case was originally assigned to Judge Eleni M. Roumel of this Court and transferred to the undersigned on February 28, 2022. *See* Notice, Dkt. No. 2; Notice, Dkt. No. 9. The Government filed a Motion to Dismiss on January 31, 2022, arguing that (1) Plaintiff failed to state a claim upon which relief can be granted because he has not shown a property interest, (2) the claim is not ripe for adjudication, and (3) the Complaint does not allege any actions taken by the Government. Def.'s Mot. to Dismiss ("Def.'s Mot.") at 3–4, Dkt. No. 7. Both parties filed responses. *See* Pl.'s Resp.; Def.'s Reply in Supp. of Mot. to Dismiss, Dkt. No. 13. On December 9, 2022, Mr. Temple filed an Amended Complaint in which he stated that he did not receive *pro bono* counsel and would continue to represent himself *pro se*, despite multiple unsuccessful attempts to afford him *pro bono* counsel. Am. Compl., Dkt. No. 19.

## II.     Legal Standard

Defendant argues the Complaint should be dismissed for failure to state a claim upon which relief can be granted. Def.'s Mot. at 1. To survive a motion to dismiss, Plaintiff must show that he is entitled to relief through a short and plain statement of the claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The statement must identify precisely what happened and be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.

Courts will dismiss complaints either with or without prejudice. Complaints are dismissed without prejudice when a plaintiff's allegations are unclear or vague. Following a dismissal without prejudice, plaintiffs may clarify and refile their complaints. *See May, Co. v. United States*, 38 Fed. Cl. 414, 415, 417 (1997) (dismissing without prejudice because the allegations did not concern the named defendant). For instance, in *Harris v. United States*, the court dismissed the complaint without prejudice because the plaintiff failed to "clearly identify[] a perpetrating actor or offending act[.] [The plaintiff's] statements [were] too vague to plead a cause of action." No. 19-857, 2019 WL 2581622, *1 (Fed. Cl. June 24, 2019). A dismissal without prejudice is not a decision on the merits. Instead, it is merely a judgment on whether a plaintiff's complaint states a legal claim and allows the plaintiff to refile with further clarification.

## III.    Motion to Dismiss

### A.     Mr. Temple Did Not Properly Allege a Property Interest.

The first step in a takings claim is to establish a property interest under the Fifth Amendment. *See Maritrans Inc. v. United States*, 342 F.3d 1344, 1351 (Fed. Cir. 2003); *Payne v. United States*, 31 Fed. Cl. 709, 710 (1994) ("It is essential in advancing a takings claim that a

plaintiff establish that he is the owner of a compensable interest in property."); *Am. Pelagic Fishing Co. v. United States*, 379 F.3d 1363, 1372 (Fed. Cir. 2004) (quoting *Wyatt v. United States*, 271 F.3d 1090, 1096 (Fed. Cir. 2001)) ("It is axiomatic that only persons with a valid property interest at the time of the taking are entitled to compensation."). If plaintiff is unable to prove a property interest in the allegedly taken property, the case must be dismissed. *See id.* ("If the [plaintiff] fails to demonstrate the existence of a legally cognizable property interest, the court's task is at an end.").

Here, Plaintiff fails to state a cognizable property interest. The Complaint's descriptions of Mr. Temple's personal and real property are vague and incomplete. The Complaint alleges that "[s]ubstantial cattle and other personal property have been seized and taken." Compl. at 2. Neither a description nor an inventory of the property is included in Plaintiff's filings. In his Amended Complaint, Plaintiff states that "over 2,000 head [of cattle], fencing and corrals, over $100,000[,] and leases worth over $100,000" were taken by Defendant. Am. Compl. at 3. While this provides a better accounting of Mr. Temple's property, it does not provide enough information about the land to constitute a cognizable property interest. For instance, the location and area of the land allegedly taken must be specified. Mr. Temple also never demonstrates ownership over the leases he supposedly lost.

To assert such an interest, Plaintiff must provide additional information. Without this information properly alleged in the Complaint, the Court cannot evaluate Plaintiff's claim on the merits. *See Am. Pelagic Fishing*, 379 F.3d at 1372.

### B. Plaintiff's Claims Are Not Ripe.

Mr. Temple's complaint lacks a clear timeline about when his property was taken. Allegations cannot rest upon "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Martin v. United States*, 894 F.3d 1356, 1362–63 (2018) (quotation marks omitted) (citing *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985)). Plaintiff's claims are too vague to determine whether the alleged taking has already occurred or whether he anticipates it will occur in the future. *Compare* Compl. at 2 ("Defendant[] has urged.") *with* Pl. Ex. 1 at 1–2 ("Initial steps *can then* be taken by the Tribe toward *possible* development of the resources, should they *wish* to do so." (emphasis added)).

### C. Plaintiff Does Not Allege the Government Performed the Taking.

Plaintiff also does not allege that the Government performed the taking. A Fifth Amendment takings claim must assert that the United States government seized a plaintiff's property. *Cf. United States v. Creek Nation*, 295 U.S. 103, 110–11 (1935) (finding the government responsible for taking land that it later transferred).

The alleged facts implicate the Tribe, not the United States. Plaintiff accuses Defendant of "urg[ing]" the Tribe to develop, mine and sell zeolite. Compl. at 2. However, the Fifth Amendment does not prohibit encouragement. The Complaint asserts facts best levied against the Tribe. Without an allegation that the federal government "took" his property, Plaintiff has not presented a proper takings claim. *See Harris*, 2019 WL 2581622 at *1 (dismissing complaint where plaintiff failed to identify clearly a perpetrating actor).

3

## IV.     Conclusion

Plaintiff does not properly allege a property interest.  It is also unclear whether the taking has already occurred or whether Plaintiff merely anticipates its occurrence.  Finally, Mr. Temple's briefs do not sufficiently allege that the United States is implicated in his land dispute.  Accordingly, this case is **DISMISSED without prejudice**.  The Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

 s/ Carolyn N. Lerner<br>
CAROLYN N. LERNER<br>
Judge